NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 7 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50500 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00596-DMS-1 |
| v. | |
| MARIO LOPEZ-PACHECO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted April 10, 2018
Pasadena, California

Before: BOGGS,[**] BYBEE, and WATFORD, Circuit Judges.

Defendant Mario Lopez-Pacheco was charged with illegal reentry, in violation of 8 U.S.C. § 1326. Lopez-Pacheco moved to dismiss, contending that the 2003 removal order that served as the basis for his illegal-reentry charge was invalid because the immigration judge ("IJ") failed to adequately advise him about the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

benefits and availability of voluntary departure and because the IJ improperly discouraged him from applying for this form of relief. The district court denied Lopez-Pacheco's motion, and Lopez-Pacheco entered a conditional plea of guilty. Lopez-Pacheco timely appealed, renewing his challenge to the 2003 removal order. We affirm.

Even assuming that Lopez-Pacheco's removal proceeding violated due process, the district court properly denied his motion to dismiss because Lopez-Pacheco cannot show that it is plausible that the IJ would have granted him voluntary departure. *See United States v. Valdez-Novoa*, 780 F.3d 906, 914 (9th Cir. 2015). Lopez-Pacheco was removed in 2003 shortly after being convicted of a misdemeanor violation of a temporary restraining order and a felony domestic-violence offense. We are persuaded that the IJ would have found the seriousness and recency of Lopez-Pacheco's convictions to outweigh his positive equities. *See id.* at 917–21; *In re Ruiz-Vazquez*, 2016 WL 7032744, at *1 (BIA Oct. 26, 2016); *In re Jasso-Villalba*, 2015 WL 2090742, at *1 (BIA Mar. 16, 2015).

The cases that Lopez-Pacheco cites to argue that it is plausible that he would have received voluntary departure are unavailing. In *In re Jimenez Garcia*, 2011 WL 4446823 (BIA Aug. 26, 2011), the non-citizen's negative equities were less significant that Lopez-Pacheco's. Jimenez Garcia had been convicted of hindering prosecution in the third degree for his role in covering up a murder. *Id.* at *2. But

2

the Board of Immigration Appeals emphasized that Jimenez Garcia reported the murder and testified at trial and that the prosecutor wrote a letter to the IJ explaining that Jimenez Garcia's assistance was critical to the successful prosecution. *Ibid.* There is no comparable mitigating factor here. *In re Mounaddif*, 2008 WL 486935 (BIA Jan. 31, 2008), is distinguishable as well. Mounaddif's sole arrest in the United States was for selling goods without a license, and unlike Lopez-Pacheco, Mounaddif had not been convicted of a violent offense. *Id.* at \*2. The final case that Lopez-Pacheco cites, *In re Gonzales-Figeroa*, 2006 WL 729784 (BIA Feb. 10, 2006), does involve similar positive and negative equities. But "the existence of a single case that is arguably on point . . . is plainly insufficient to warrant a finding" that Lopez-Pacheco was prejudiced by any error in his removal proceeding. *Valdez-Novoa*, 780 F.3d at 920.

   **AFFIRMED.**